736 S.E.2d 1

Robert L. MEADOWS, II, and Rhonda
K. Meadows, his wife, Plaintiffs
Below, Petitioners

v.

MASSEY COAL SERVICES, INC., and
Independence Coal Company, Inc.,
Defendants Below, Respondents.

No. 11–0631.

Supreme Court of Appeals of
West Virginia.

Submitted Sept. 5, 2012.

Decided Sept. 24, 2012.

**2**

Charles M. Love, IV, Esq., Marvin W. Masters, Esq., The Masters Law Firm, LC, Charleston, WV, for the Petitioners.

Ancil G. Ramey, Esq., Hanna B. Curry, Esq., Jonathan R. Ellis, Esq., Steptoe & Johnson, PLLC, Charleston, WV, Jeffrey K. Phillips, Esq., Steptoe & Johnson, PLLC, Lexington, KY, for Respondents.

PER CURIAM:

The Petitioner, Robert L. Meadows ("Plaintiff"), appeals the March 21, 2011, order of the circuit court granting summary judgment to the Respondent, Independence Coal Company ("Independence").[1] For the reasons set forth in this Opinion, the order of the circuit court is reversed.

1. The March 21, 2011, order dismissed Massey Coal Services, Inc., and Rhonda K. Meadows as parties to the lawsuit on grounds not related to the issue appealed in this case. There was no appeal of these dismissals. Therefore, the only parties to this appeal are the Plaintiff, Robert L. Meadows, and the defendant, Independence Coal Company.

## I. Background

In the pre-dawn hours of July 18, 2007, Plaintiff, a dump truck driver employed by Independence, was dumping rock and dirt at Independence's Twilight, West Virginia, surface mine operation. Plaintiff alleges that it was dark and, as he backed his truck toward an earthen berm protecting a dump pit, the rear wheels went through the berm and the truck fell approximately 150 feet into the dump pit. Plaintiff alleges that the incident was proximately caused by unsafe work conditions, and that he suffered permanent injuries affecting his quality of life and employability.

On September 26, 2008, Plaintiff filed a deliberate intent action, which was later amended. The amended complaint alleges Independence created three unsafe work conditions that contributed to the Plaintiff's injuries: (1) that the berm at the dump site was inadequate, (2) that illumination of the dump site was inadequate, and (3) the absence of a "spotter"[2] at the dump site.

Following discovery, Independence moved for summary judgment, arguing that the Plaintiff's deposition testimony proves that none of the three alleged unsafe work conditions proximately caused the incident. In his deposition, Plaintiff testified that the incident occurred as follows: "As I backed that truck up going towards the berm, it sunk in and gave way, fell in front of the berm, before the berm."

Independence argued that because the roadbed collapsed "before the berm," the issue of the adequacy of the berm is of no moment because it could not have prevented the roadbed collapse. Similarly, even the best lighting, or the presence of a spotter, would not have prevented the truck falling into the pit. Relying solely on the Plaintiff's testimony, Independence asserted that the truck fell into the dump pit because the

2. A spotter is a person who assists a dump truck driver in maneuvering around dump sites, *e.g.*, guiding them when backing up to the edge of a berm.

roadbed collapsed before the Plaintiff reached the berm.

Counsel for the Plaintiff responded by arguing that the circuit court should not take the plaintiff's impression that the roadbed collapsed before the berm as conclusive evidence of how the incident happened. Instead, the court should consider the deposition testimony of other witnesses who testified that the incident happened when the Plaintiff backed through the inadequate berm.

Brian Hicks, a regional director for Massey Coal, investigated the incident and found that the Plaintiff "had backed over the berm and his truck had flipped." Joseph Fowler, the Plaintiff's foreman at the time of the incident, testified that he prepared the accident report and that he found that the rear wheels of the Plaintiff's truck went through the berm and that the truck then fell into the pit. Mr. Fowler examined the incident site, and testified that it was clear that the Plaintiff "backed in and wasn't square with his berm, and he backed his offside wheels though the berm, and then the truck sat down." Another witness, Howard Osborne (who was the designated agent of Independence), testified that a safety tech for Independence had shown him pictures of the incident scene depicting tire marks going through the berm, and his conclusion was that the incident occurred because Plaintiff's truck "wasn't squared on the berm, and it went through the bump."

The Plaintiff argued that these witnesses create a question of fact regarding whether he backed through the berm. Plaintiff further argued that MSHA requires berms to be sufficient to prevent overtravel at dumping locations. The Plaintiff's expert, a former MSHA inspector, opined that the berm was in violation of MSHA requirements, and that other factors contributing to the incident were (1) inadequate illumination, (2) lack of a spotter on the site (which the expert said is a violation of industry standards), and (3) the failure of the site foreman to inspect the berm at the beginning of the shift.

The circuit court granted Independence's motion for summary judgment. The court decided the case solely on the issue of proximate cause. While acknowledging that the evidence was conflicting as to how the incident occurred, the court concluded that it did not create a genuine issue of material fact regarding the manner in which the incident occurred:

> The Court acknowledges conflicting testimony by other witnesses. However, even when viewing facts in a light most favorable to the Plaintiffs, the Court takes Robert Meadows' testimony as true. If not, Plaintiffs would be forced into the unenviable position of impeaching Plaintiff's own testimony. Therefore, there is no genuine issue of material fact with respect to where the truck fell into the pit.

The court went on to note that in order to prevail in a deliberate intent action, a plaintiff must prove he suffered a serious injury or death as "a direct and proximate result" of an unsafe working condition. *W.Va.Code* § 23–4–2(d)(2)(ii)(E). The court found that proximate cause was not proven:

> The Plaintiffs cannot prove that any of the conditions identified proximately caused Mr. Meadows' injuries. The Plaintiff's own testimony [was that] "As I backed that truck up going towards the berm, it sunk in and gave way, fell in front of the berm, before the berm." The Court takes Plaintiff's own words to be the truth. Therefore, the three specific unsafe working conditions, inadequacy of the dump site's berm, inadequate illumination, and the absence of a spotter, could not have been a direct and proximate cause of Plaintiff's injuries, required by *W. Va.Code* § 23–42(d)(2)(ii)(E). Plaintiff's injuries would have occurred even if all three specific unsafe working conditions had been remedied. A higher berm, more lighting, and a spotter would not have prevented the dump site from caving in, and more importantly, the Plaintiff's injuries. Therefore, the action for deliberate intent fails as a matter of law with respect to proximate cause.

On appeal, we must determine if there were material disputed facts relating to proximate cause which create a jury issue.

## II. Standard of Review

We have previously held that "[a] circuit court's entry of summary judgment is reviewed *de novo*," Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), and that "[a] motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law." Syllabus Point 3, *Aetna Casualty and Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963); *Williams v. Precision Coil, Inc.*, 194 W.Va. 52, 59, 459 S.E.2d 329, 336 (1995). We apply these standards to the issues in this appeal.

## III. Discussion

Our precedent makes clear that "[a] party who moves for summary judgment has the burden of showing that there is no genuine issue of fact and any doubt as to the existence of such issue is resolved against the movant for such judgment." Syllabus Point 6, *Aetna Casualty and Surety Company*, *supra*.

In the case before us, the record has disputed issues of material fact as to whether the Plaintiff backed through the berm, and whether the three alleged unsafe working conditions proximately contributed to the Plaintiff's injuries. Three witnesses, who work for Independence, gave deposition testimony that Plaintiff backed through the berm. Each of the witnesses investigated the incident or had the benefit of evidence from an investigation of the incident. On the other hand, Plaintiff was not in the best position to know the facts. It was dark, he was backing a dump truck, and did not get to look at the scene before going to the hospital. It is clear that a factual dispute exists as to the cause of the incident. The question of proximate cause is ordinarily for the jury to determine. *See, e.g., Stevenson v. Independence Coal Company*, 227 W.Va. 368, 709 S.E.2d 723 (2011).

The circuit court erred in not allowing the Plaintiff to rely on the three witness who worked for Independence to show that an issue of material fact existed. This error is similar to the one we addressed in *Arnazzi v.*

*Quad/Graphics, Inc.*, 218 W.Va. 36, 621 S.E.2d 705 (2005). In *Arnazzi*, the plaintiff filed a deliberate intent action alleging that he suffered an injury while operating a forklift, and that the injury was the consequence of the lack of legally-required training on the safe use of a forklift. In his deposition, Arnazzi was unable to say how the training would have helped prevent his injury, or even state with any certainty how the injury occurred. However, the employer's witnesses gave deposition testimony that Arnazzi was engaged in unsafe conduct at the time of the forklift incident, and that the incident was caused by a safety violation. Notwithstanding the testimony of the employer's witnesses, the circuit court granted summary judgment in *Arnazzi* finding that the plaintiff failed to establish a genuine issue of material fact that an unsafe working condition was the proximate cause of his injuries.

We reversed, finding

the appellant's failure at his deposition to acknowledge or admit to potentially unsafe conduct was not the only evidence on this issue. An accident report on the incident that was prepared by an employee of the appellee Quad/Graphics listed the cause of the accident as being a violation of a safety rule, and stated that the appellant had his foot outside the cab.

Additionally, the appellees' designated corporate deposition witness testified that the appellant had been observed driving with his foot outside the cab. Another of the appellee's employees so testified, and there was other evidence suggesting that the appellant had not always operated his forklift with proper caution, attention, care[.]

*Id.*, 218 W.Va. at 39–40, 621 S.E.2d at 708–709.

We further noted that while

[t]he appellant's uncertain deposition statements about how the accident occurred may diminish his credibility or otherwise impair the force of his case before the finder of fact, ... *they do not erase or nullify the effect of the evidence from the appellees, nor the fair inferences from all of the circumstances of the accident itself.* This evidence permits the conclusion that the accident arose as a result of risks and conduct that the omitted training specifically sought to reduce and avert.

*Id.,* 218 W.Va. at 40, 621 S.E.2d at 709. (Emphasis added.). We concluded in *Arnazzi* that "there was evidence before the court that would tend to show that the specific unsafe working condition of a lack of forklift safety training was a proximate cause of the accident in question." *Id.*

■ *Arnazzi* makes clear that a plaintiff, when responding to a summary judgment motion, may rely upon evidence obtained from a defense witness to establish the existence of a disputed issue of material fact relating to proximate cause.[3] In the case before us, the circuit court had evidence tending to show that an unsafe working condition was a proximate cause of the incident. Plaintiff's expert relied on the facts related by three witnesses who work for the Coal Company. He opined, based on the Coal Company's version of the disputed facts, that the incident was contributed to by a berm that did not meet MSHA requirements, insufficient lighting, and the lack of a spotter to assist the Plaintiff in maneuvering around the dump pit. The Plaintiff has demonstrated the existence of a "genuine issue of fact," Syllabus Points 3 and 6, *Aetna Casualty and Surety Company, supra,* and the circuit court's order granting summary judgment must therefore be reversed.

### IV. Conclusion

For the reasons discussed, the order of the circuit court is reversed, and this matter remanded for further proceedings consistent with this Opinion.[4]

Reversed and Remanded.

Justice BENJAMIN, deeming himself disqualified, did not participate.

Judge STOWERS, sitting by temporary assignment.

---

**3.** *See generally,* Franklin D. Cleckley, Robin J. Davis, & Louis J. Palmer, Jr., *Litigation Handbook on the West Virginia Rules of Civil Procedure,* § 56(e) (4th ed.2012).

**4.** Independence raised three cross-assignment of errors contending that the circuit court did not

rule on the other grounds it raised in its motion for summary judgment. The circuit court did not rule on the grounds because it granted summary judgment on the issue of proximate cause. Independence may raise these issues with the circuit court on remand.